IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **ERICK MORIN AND MISTY MORIN** *Plaintiffs,* | § § § § | |
| | § | Civil Action No. _____ |
| VS. | § § | |
| | § | |
| **HOMESITE INSURANCE COMPANY** *Defendant.* | § § | **JURY DEMANDED** |

## COMPLAINT

NOW COME, Plaintiffs Erick Morin and Misty Morin (hereinafter referred to as "Plaintiffs") and file this their *Complaint,* and in support state as follows:

### PARTIES

1. Erick Morin and Misty Morin are individuals residing in the State of Texas.

2. Defendant Homesite Insurance Company is an insurance company engaging in the business of insurance in the State of Texas whose principal place of business is located at PO Box 9503, Fredericksburg, VA, 22403-9503. The defendant may be served with process by serving citation and a copy of this Complaint by serving its agent of process at:

    Corporation Service Company, 211 E 7th Street, Ste 620, Austin, Texas 78701-3218

### JURISDICTION

3. This Court has diversity jurisdiction pursuant to 28 USC § 1332 based on the complete diversity of citizenship between the parties and because the amount of controversy exceeds $75,000.00.

### VENUE

4. Venue is proper in the Southern District of Texas because: the policy at issue was issued and delivered in HIDALGO County, Texas; the property insured is situated in HIDALGO

County, Texas; PLAINTIFFS' losses occurred in HIDALGO County, Texas, and all or part of the events made the basis of this lawsuit and giving rise to PLAINTIFFS' claims and causes of action occurred in HIDALGO County, Texas, which is within the Southern District of Texas.

**FACTS**

5. Plaintiffs are the owners of a Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Homesite Insurance Company.

6. Plaintiffs own the insured property, which is specifically located 1620 Sandstone Dr, Mission, TX 78574, in Hidalgo County (hereinafter referred to as "the Property").

7. On or about April 21, 2023, a windstorm struck Hidalgo County, Texas causing damages to homes and businesses throughout the area, including Plaintiffs' residence ("the Storm"). Specifically, Plaintiffs' roof sustained extensive damage during the Storm. After the Storm and in compliance with the Policy, Plaintiffs filed a claim with Homesite Insurance Company for the damages to their home caused by the Storm.

8. Plaintiffs submitted a claim to Homesite Insurance Company against the Policy for roof damage caused by the Storm. Plaintiffs asked that Defendant cover the costs of repairs to the Property pursuant to the Policy.

9. After submitting the claim, Defendant assigned an adjuster to evaluate damages to the Property. At the start of the process, which was on or around May 2, 2023, Defendant's adjuster told Plaintiffs that the damage to their home would be fully covered and that Plaintiffs had nothing to worry about. Defendant's adjuster knew this was a false statement when they made it because they knew, even before inspecting the home, that Defendant would not pay any amount for the covered damage. Defendant trains its adjusters to ignore

covered damage and/or, depending on the circumstances, to calculate damages so that the total estimated cost of repairs is below a policyholder's deductible and/or outside of the policy coverage. Thus, Defendant's adjuster's statement that Plaintiffs' damage to their home would be fully covered was false when they made it and they knew it was false.

10. The adjuster assigned by Defendant failed to reasonably perform an investigation into the damages sustained by the Plaintiffs. Specifically, the adjuster spent less than one hour in assessing the damages and then determined the damages to be $435.50 which is under the Plaintiffs' deductible and no payment was issued.

11. Plaintiffs also identified damage to their roof, which itself is 52 squares. The inspection of the roof was done in an outcome-oriented way and in an expeditious fashion as well. The size of the roof would have necessitated over one and a half hours to do a proper and thorough inspection. Defendant's adjuster spent less than 30 minutes inspecting the roof and ignored several areas with damage due to storm winds and/or hail, which is damage covered by Plaintiffs' homeowner's policy.

12. As a result of the adjuster's unreasonable investigation, Plaintiffs' claim was improperly adjusted. Defendant's calculation of the covered damage included only the roof. Defendant purposefully ignored the other areas with covered damage. The calculation resulted in $435.50 in estimated replacement costs, which after Plaintiffs' deductible of $4,4280.00, Defendant made no payment at all to Plaintiffs for the covered damage. In fact, Defendant trains adjusters to calculate just enough damage so that the total amount of replacement cost value will be less than a policyholder's deductible and/or outside of the policyholder's coverage, regardless of the actual damage present in the home. Such a policy allows

Defendant to mandate that policyholders make repairs to their home, but without requiring that Defendant make any payment to the policyholder for those repairs.

13. A subsequent estimate of the covered damage revealed that estimated repairs for Plaintiffs' home are over $120,000.00, well above Plaintiffs' deductible. The difference in repair estimates is due directly to Defendant purposefully overlooking covered damage to the roof and the exterior fascia. In addition, the investigation performed by Defendant grossly underestimates repair costs to the roof and the exterior fascia. Defendant's investigation also fails to account for the actual market value of labor and materials.

14. As a result of Defendant's conduct, Plaintiffs did not receive payment they were entitled to under the Policy for their Storm damages and losses. As previously stated, when Plaintiffs originally purchased the Policy issued by Homesite Insurance Company, Homesite Insurance Company's agent represented on behalf of Homesite Insurance Company that it would always conduct a fair and unbiased investigation of Plaintiffs' claims against the Policy and promptly issue payment to Plaintiffs for all properly covered hailstorm and windstorm damages to the Property. Homesite's agent knew this statement was false at the time Homesite's agent made it because Homesite's agent knew that Homesite Insurance Company conducted outcome-oriented investigations and purposefully calculated damages to be below a policyholder's deductible and/or outside of a policyholder's coverage, all to ensure that Defendant would not have to pay policyholders for covered damage. At no time did Homesite Insurance Company or any of its agents disclose to the Plaintiffs that, in fact, it would conduct an unreasonable, unfair, and/or biased investigation of the claims that Plaintiffs submitted against the Policy for hailstorm and/or windstorm damages to the Property and thereby underpay or deny Plaintiffs' claim

for properly covered hailstorm and/or windstorm damages. The failure to disclose this truth was a material omission by Homesite Insurance Company. As such, Plaintiffs reasonably relied on Homesite Insurance Company's misrepresentations and omission upon purchasing their initial Homesite Insurance Company insurance policy, and but for Homesite Insurance Company's misrepresentations and omission, Plaintiffs would not have purchased the Policy issued by Homesite Insurance Company and would have purchased an insurance policy from a different insurer to insure the Property against hailstorm and windstorm losses.

15. As indicated in the paragraphs above and below, Homesite Insurance Company wrongfully adjusted, on or around May 2, 2023, Plaintiffs' claim for damages suffered during the Storm, even though the Policy provided for those losses. Defendant knew that it had conducted an outcome-oriented investigation, had purposefully ignored covered damage, and had purposefully calculated an inaccurate repair estimate, and therefore knew that it was wrongfully refusing to pay for covered damage. Every day that passes without a full payment to Plaintiffs for the covered damage is another day in which Defendant is purposefully delaying payment because it knows that Plaintiffs have more extensive covered damage than was estimated.

16. Defendant failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, Defendant wrongfully denied Plaintiffs' claim for covered damages even though all conditions precedent to recovery upon the Policy had been carried out by the Plaintiffs. Homesite Insurance Company's conduct constitutes breach of the insurance contract between Homesite Insurance Company and Plaintiffs.

17. Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner when its adjuster failed to perform reasonably an investigation into Plaintiffs' damages. Specifically, the adjuster spent less than one hour in assessing damages and then determined the damages to be $435.50, well below the actual amount needed to repair all damage covered by the homeowner's policy. All this in spite of Defendant's being aware of the liability to the Plaintiffs under the Policy. This constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a)(2)(A).

18. Defendant refused to fully compensate the Plaintiffs under the terms of the Policy for a covered loss. Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs' claim, purposefully ignored covered damage, and purposefully calculated the damages to be outside of Plaintiffs' policy coverage, which all resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. This constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a)(7).

19. When Plaintiffs first purchased the Policy from Defendant through its agent, Defendant misrepresented to Plaintiffs that under the Policy, Plaintiffs would be entitled to payment from Homesite Insurance Company for damages caused by a covered loss, including hailstorm and windstorm losses, and that it would conduct an unbiased and reasonable investigation of any claim Plaintiffs timely submitted against the Policy. This was a misrepresentation because Defendant's agent knew that Defendant would not pay for such damage, as described above. If Plaintiffs had known that Homesite Insurance Company was not going to pay for hailstorm and/or windstorm damages that were covered under the Policy, Plaintiffs would not have purchased the Policy from Homesite Insurance Company, and instead would have purchased a different insurance policy insuring their Property from

a different insurer. Defendant made material misrepresentations as to coverage under the Policy upon Plaintiffs purchasing of the Policy that misled Plaintiffs, including untrue statements of material facts and wrongfully concealed material facts necessary to make Homesite Insurance Company's other representations not misleading, upon which Plaintiffs reasonably relied to their detriment. Homesite Insurance Company's conduct constitutes a violation of the Texas Insurance Code, Misrepresentation of Insurance Policies. Tex. Ins. Code §§ 541.061(1), (2), (3), and (5) as well as violations of Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Comm. Code §§17.41-.63.

20. Defendant Homesite Insurance Company failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay by dragging the process of obtaining a decision through months of bitter dispute, when Defendant already knows that Plaintiffs are entitled to coverage under the terms of the policy. Specifically, it has delayed any payment for Plaintiffs' claim. Homesite Insurance Company's conduct constitutes a violation of Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code § 542.058.

21. From and after the time Plaintiffs' claim was presented to Defendant, the liability of Homesite Insurance Company to pay the claim in accordance with the Policy was reasonably clear. However, Homesite Insurance Company has refused to fully pay Plaintiffs for the claim, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny full payment. Homesite Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing.

22. Defendant knowingly and recklessly made false representations, as described above, as to the material facts and/or knowingly concealed all or part of material information from the Plaintiffs.

23. As a result of Defendant's conduct, Plaintiffs were forced to retain the professional services of an attorney and law firm who are representing them with respect to these causes of action.

## CAUSES OF ACTION

24. Plaintiffs are not making any claims for relief under federal law.

25. Defendant Homesite Insurance Company is liable to Plaintiffs for intentional breach of contract, DTPA violations, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

26. Defendant Homesite Insurance Company's conduct constitutes a breach of the insurance contract made between Homesite Insurance Company and Plaintiffs.

27. Defendant's failure and/or refusal to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with the Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## UNFAIR SETTLMENT PRACTICES/PROMPT PAYMENT

28. Defendant Homesite Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §§ 541.060(a), 541.061. All violations under this article are made actionable by Tex. Ins. Code § 541.151.

29. Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition

and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(1).

30. Defendant Homesite Insurance Company's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of this claim, even though Homesite Insurance Company's liability under the Policy was reasonably clear, constitutes an unfair method of competition and unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(2)(A).

31. Defendant Homesite Insurance Company's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation of the facts or applicable law, for its denial of the claim, constitutes an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(3).

32. Defendant Homesite Insurance Company's unfair settlement practice, as described above, of refusing to properly pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(7).

33. Defendant Homesite Insurance Company's unfair or deceptive acts and/or practices of misrepresenting the Policy, as described above and otherwise herein, by: (1) making untrue statements of material fact, (2) failing to state material facts necessary to make other statements it made not misleading, (3) making a statement(s) in a manner that would mislead a reasonably prudent person to a false conclusion of material fact, and which did mislead Plaintiffs to false conclusion of material fact regarding coverage under the Policy, and/or (4) failing to make a disclosure as required by law and/or in accordance with another

provision of the Insurance Code, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.061.

34. Defendant Homesite Insurance Company's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for constitutes a non-prompt payment of this claim. Tex. Ins. Code § 542.058.

## DTPA VIOLATIONS

35. Defendant Homesite Insurance Company's conduct constitutes multiple violations of the DTPA. Tex. Bus. & Comm. Code §§17.41-.63. Plaintiffs are "an individual, a partnership, or a corporation" that sought or acquired goods or services by purchase or lease from Defendant, and therefore qualifies as a consumer under the DTPA. Tex. Bus. & Comm. Code §17.54(4). Plaintiffs have met all the conditions precedent to bringing this cause of action against Defendant. Specifically, Defendant's violations of the DTPA include, without limitation, the following matters:

    A.  Defendant's actions, as described in this petition, are unconscionable in that Defendant's actions took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA.

    B.  Defendant's conduct, acts, omissions, and failures, and described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

36. All of the above-described acts, omissions, and failures of the Defendant are a producing cause of Plaintiffs' damages as described in this complaint. All of the above-described acts,

omissions, and failures of the Defendant were committed "knowingly" and "intentionally" as those terms are defined by the Texas Deceptive Trade Practices Act.

### BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

37. Defendant Homesite Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

38. Defendant Homesite Insurance Company's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Homesite Insurance Company knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### KNOWLEDGE

39. Each of the acts described above, together and singularly, were done "knowingly," as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs' damages described herein.

### DAMAGES

40. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing cause of the damages sustained by the Plaintiffs.

41. As previously mentioned, the damages caused by the April 21, 2023 windstorm have not been properly addressed or repaired in the months since the Storm, causing further damage to the Property, and causing undue hardship and burden to the Plaintiffs. These damages are a direct result of Defendant Homesite Insurance Company's mishandling of Plaintiffs' claim in violation of the laws as set forth above.

42. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

43. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. Tex. Ins. Code § 541.152.

44. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as ten (10) percent interest per annum on the amount of such damages claimed, together with attorney's fees.

45. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

46. For the prosecution of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

**JURY DEMANDED**

47. Plaintiffs previously requested that all causes of action herein be tried before a jury consisting of citizens residing in Hidalgo, County, Texas. Plaintiffs tendered the appropriate jury fee.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgement and postjudgement interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Dated: August 5, 2023

Respectfully submitted,

*/s/ Omar Ochoa*
Omar Ochoa
S.D. Tex. Bar No. 2081960
**OMAR OCHOA LAW FIRM PC**
121 N. 10th Street
McAllen, Texas 78501
Tel: (956) 630-3266
oochoa@omarochoalaw.com

*/s/ Victor Rodriguez*
Victor Rodriguez
*Of Counsel*
S.D. Tex. Bar No. 562260
**VICTOR RODRIGUEZ LAW FIRM PLLC**
121 N. 10th Street
McAllen, Texas 78501
Tel: (956) 630-3266
victor@vrodriguezlaw.com

***Attorneys for Plaintiffs***